UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>                    Plaintiff,<br>     v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                    Defendants. | Case No. 3:23-cv-00546-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Mitchell Keith Goodrum filed this action in November 2023 bringing claims under 42 U.S.C. § 1983. (ECF No. 4 ("Amended Complaint").) The Court screened Plaintiff's Amended Complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against John and Jane Doe Defendants, who were later identified and substituted as Theodore Parento, Joseph Benson, Lorenzo Villegas, Gaylene Fukagawa, and Christy Coss. (ECF Nos. 9, 13, 20.) Defendants moved to dismiss the Amended Complaint on the basis that the doctrines of claim and issue preclusion apply, given a global settlement agreement entered to resolve numerous other cases brought by Plaintiff. (ECF No. 21 ("Motion")[1].) Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Defendants' Motion. (ECF No. 31.) To date, Goodrum has not objected to the R&R. For this reason, and as further explained below, the Court adopts the R&R and grants Defendants' Motion to the extent described below.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

---

[1]Plaintiff did not respond to the Motion.

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). As Judge Denney notes, on March 16, 2023, Plaintiff and various Nevada Department of Corrections ("NDOC") defendants participated in a global settlement conference in five cases. *See* Case No. 3:20-cv-00549-ART-CLB at ECF No. 80. The parties reached a settlement dismissing all cases except Case No. 3:20-cv-00549-ART-CLB, which Judge Baldwin agreed to monitor for a year to ensure compliance. (*Id.*) NDOC agreed, among other things, to schedule Plaintiff's appointments with outside specialists, including a neurologist, mental health provider, and urologist, and to effectuate any treatment plans recommended by the specialists. At a March 14, 2024, status conference in Case No. 3:20-cv-00549-ART-CLB, Judge Baldwin found on the record—after considering Plaintiff's motions related to NDOC's compliance with the agreement—that all material terms of the settlement were complied with, including with respect to outside medical appointments and ongoing mental health care, and there was no breach of the agreement. Judge Baldwin ordered the stipulation for dismissal with prejudice and advised Plaintiff that he could not continue litigation in this Court related to the global settlement. (*Id.* at ECF No. 106.) District Judge Anne Traum entered the dismissal with prejudice on March 15, 2024. (*Id.* at ECF No. 107.)

The Court agrees with Judge Denney that dismissal of the instant action is appropriate in light of the global settlement agreement. (ECF No. 31.) Plaintiff's Eighth Amendment claims in this case arise from allegations that prison officials failed to provide medical treatment in accordance with the settlement agreement, but that issue—including specifically with regard to monitoring Plaintiff's mental health care—has already been litigated. *See* Case No. 3:20-cv-00549-ART-CLB. *See also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (discussing issue preclusion). To the extent Plaintiff brings a claim for breach of the settlement agreement, the Court did not retain jurisdiction following dismissal of the other actions.

Accordingly, the Court adopts the R&R (ECF No. 31). The Court dismisses this action without prejudice only to the extent that Plaintiff may raise his claim for breach of the settlement agreement, if appropriate, in state court, and to the extent he may assert Eighth Amendment deliberate indifference claims regarding treatment beyond the scope of the settlement agreement.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 31) is accepted and adopted.

It is further ordered that Defendants' motion to dismiss (ECF No. 21) is granted.

It is further ordered that Plaintiff's Amended Complaint (ECF No. 4) is dismissed. The Amended Complaint is dismissed without prejudice only to the extent described in this order.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 14th Day of August 2025.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE